## No. 13,999.

PALLAS *v.* JOHNSON, GOVERNOR.
(68 P. [2d] 559)

Decided May 3, 1937.   Rehearing denied May 24, 1937.

Mr. DAVID P. STRICKLER, Mr. THOMAS M. BURGESS, Messrs. HAWKINS & HAWKINS, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. NORRIS C. BAKKE, Deputy, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE facts, either stipulated, admitted, or not disputed, and which were submitted to the court without testimony on an application for injunction, so far as material, are as follows: In November, 1935, the state purchasing agent and executive council, acting under chapter 37, S. L. 1933, known as the Administrative Code, advertised for bids and let a group of contracts for plumbing and heating work on four state buildings and a connecting tunnel at the Colorado State Hospital at Pueblo. The individual defendants in error are the state purchasing agent and members of the executive council. The corporate defendant in error, Denver Plumbing and Heating Company, was awarded one of the contracts. Its bid of $17,700, however, was not the lowest bid. Olson-Benbow Plumbing and Heating Company submitted a low bid of $17,400. Plaintiff in error, a taxpayer, suing in that capacity for himself and others similarly situated, brought this suit to enjoin the defendants in error from carrying out the contract because it was not let to the lowest responsible bidder as provided by section 33, chapter 37, S. L. 1933, the part material to the present action being as follows: "All orders awarded on contracts made by the State Purchasing Agent shall be awarded to the *lowest responsible bidder, taking into consideration the location of the institution or agency * * *.*" To a judgment in favor of the state officials, error is assigned.

No questions are raised which warrant our consideration or discussion, except the matter of the contract not having been let to the "lowest responsible bidder" in strict compliance with the provisions of the statute. It is suggested that this now is a moot question because the work under the contract has been or was nearly completed at the time the cause was at issue in this court. If that is true, the case is moot, strictly speaking, and would be so considered unless, as here, interests of a public character may again be immediately involved in like manner. Consequently this warrants, even if it does not

require, our determination in order to obviate similar future controversies and litigation.

■ From a reading of the statute above quoted, it is not at all difficult to determine that the powers vested in the state purchasing agent are not solely ministerial, because discretion follows consideration of certain specified matters that may be involved. The ground of the reason assigned for the letting of the contract to a bidder, other than the lowest, is that the state institution where the work was to be performed under the contract is located at Pueblo, an industrial center where labor is highly organized into unions, and further, that the principal contract of this group had been let to, and was being performed by, a contractor employing union labor, while the lowest bidder on the particular contract here involved maintained "open shop" and employed nonunion labor. There was a stressing need for the early completion of the work for which the contract was awarded and after due consideration and in the exercise of discretion by the purchasing agent and executive council, it was determined that if the work was given to the lowest bidder difficulties would arise between the laborers engaged on the different projects with resultant strikes or walkouts and great delay in the completion of the projects. Plaintiff in error insists that the action of the purchasing agent and executive council in the letting of this contract constituted a discrimination between union and nonunion labor and is prohibited. Considering the record this contention becomes no more than a claim, because there is nothing to indicate any such discrimination on the part of the purchasing agent or the members of the executive council. There is no indication of ulterior motive, personal favoritism or ill will; no hint of collusion or fraud, and nothing to indicate that the action of defendants in error was other than in the exercise of good faith for the best interests of the public. There can be no interference by the courts with such determination or exercise of discretion.

A determination of responsibility first must be made by the parties charged with the duty of letting such contracts. If not so, the statute undoubtedly would read that contracts be let to the lowest bidder. Determination of this responsibility does not alone depend upon the pecuniary ability to perform the contract. It always includes matters of judgment and skill, and the ability to promptly and satisfactorily carry on and complete the contract with freedom from interference. If such interference is apparent or probable, due to particular conditions surrounding the bidder and bid under consideration, then a finding or determination that the bidder is not, for that reason, a responsible bidder, is justified. The bidder is expected to become accountable for the discharge of the service which he contracts to perform and responsibility means ability to respond in accordance with that expectation. In this case, by reason of the urgent need for care of its unfortunate wards, the state, through its contracting officials, had the right to expect and exact uninterrupted and expeditious fulfillment of the contract and could and did rightfully act to that end in determining responsibility as between the different bidders. Common knowledge tells us, and plaintiff in error does not contend otherwise, that labor difficulties often hamper and cause injurious delays in the work upon projects such as was here contemplated. In attempting to avoid such delay, the officials here concerned did not violate the statute, neither did they abuse their discretion, but by their action evidenced the exercise of wise and sound discretion for the interests of those whom they were called upon to serve, and all the circumstances considered, we are compelled to conclude that, as between the two bids considered, the contract was let to the "lowest responsible bidder, taking into consideration the location of the institution."

In so holding we call particular attention to the fact that the small discrepancy here appearing, $300 on a $17,000 contract, is not an unreasonable consideration as

relates to this location, and the rule announced would be equally applicable if the principal contractors were ''open shop'' and the losing bidder on the subcontract was ''union.''

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.