139 N.J. Super. 529 (1976)
354 A.2d 659
WITTIE ELECTRIC CO., INC., A NEW JERSEY CORPORATION, APPELLANT,
v.
THE STATE OF NEW JERSEY, WILLIAM F. HYLAND, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, S. LEONARD DiDONATO, DIRECTOR OF THE DIVISION OF BUILDING & CONSTRUCTION OF THE STATE OF NEW JERSEY, AND E.P. REID, A NEW JERSEY CORPORATION, JOINTLY, INDIVIDUALLY AND IN THE ALTERNATIVE, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1976.
Decided February 27, 1976.
*530 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Ira C. Miller argued the cause for appellant (Messrs. Pellettieri and Rabstein, attorneys).
Mr. Peter D. Pizzuto, Deputy Attorney General, argued the cause for respondent Director, Division of Building and Construction (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. Joel M. Steinberg argued the cause for respondent E.P. Reid, Inc. (Messrs. Schwartz, Steinberg & Tobia, attorneys; Mr. Richard J. Murray on the brief).
PER CURIAM.
Wittie Electric Co., Inc., appeals under R. 2:2-3(a)(2) from a decision of the Director, Division of Building and Construction, Department of the Treasury, awarding to E.P. Reid, Inc., a contract for electrical work on a state construction project at the North Jersey Training School in Totowa.
Reid, the lowest bidder, had submitted a bid $188 less than that of Wittie, the next low bidder. The Director of *531 the Division, in a telegram to Reid, noted that "your firm does not have an agreement with an electrical building trades union," and expressed concern that an award to it "may have a detrimental impact on the progress of the work because it has been our experience that union mechanics will strike a job when non-union workmen are also employed on the same project." A hearing was scheduled to "give [Reid] an opportunity to address yourself to this matter."
Following the hearing the Director addressed a letter to Reid setting forth his findings and conclusions. His problem, he indicated, was whether to award the contract "to the low Electrical bidder (non-union) or spend $188 more and award to the second low bidder (union)." He determined that, since (1) a mix of union and non-union contractors and workmen on one project or site "is very likely to cause work stoppages due to picketing," (2) the nature and urgency of "the life-safety work" involved in the contracts made it imperative to avoid all delays in or possible disruption of operations, and (3) the differential of $188 between the two low bids was a "reasonable administrative consideration which is mine to make" under the statutes, it was in "the best interests of the State, the public and most specifically, the institution's patients" to reject Reid's low bid. However, because of an opinion of the Attorney General addressed to the State Treasurer (Formal Opinion No. 24-1975, dated September 17, 1975), that the Division did not have the authority to reject the bid of the lowest responsible bidder solely on the basis that it did not hire union labor, he had "no alternative but to award this contract to your firm [Reid] since it appears that you are a responsible bidder in all other aspects." (Emphasis supplied.)
The thrust of appellant's argument is that the award of state construction contracts subject to bidding is controlled by N.J.S.A. 52:34-12, which empowers the state agency to award the contract "to that responsible bidder whose bid, conforming to the invitation for bids, will be most advantageous to the State, price and other factors considered," *532 and that the Director here could properly consider the "probability of labor disputes and resultant construction delay in determining to reject the low bid in the public interest."
Respondents argue that the applicable section is N.J.S.A. 52:32-2, under which the contract must be awarded to the lowest responsible bidder. We agree. It is clear that this section deals specifically with bids and contracts for the erection, construction, alteration or repair of public buildings. On the other hand, N.J.S.A. 52:34-12 is part of a general statute (N.J.S.A. 52:34-6 et seq.) pertaining to contracts in excess of $2500. It is a well-established principle of statutory construction that when there is a conflict between a general and a specific act on the same subject, the latter shall prevail. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 339 (1970). Furthermore, it is evident from a reading of N.J.S.A. 52:34-12, when considered in the context of the chapter of which it is a part, that the subject matter of the contracts involved is of a nonconstruction nature, such as the purchase of supplies and services, the acquisition of real property, or the leasing of buildings, real property, or equipment.
That the legislature intended to restrict the award of contracts under N.J.S.A. 52:32-2 to the lowest responsible bidder on the basis of price is to be seen from its omission from that statute of the language in N.J.S.A. 52:34-12 mandating consideration of "price and other factors."
Apart from its employment of nonunion labor, the Director conceded that Reid was "a responsible bidder in all other respects." Thus, the Director must have been satisfied that Reid possessed the requisite moral integrity and the experience, financial ability and facilities necessary to perform the contract. Arthur Venneri Co. v. Paterson Housing Auth., 29 N.J. 392, 403 (1959). Reid's labor relations was not an appropriate factor to consider on the issue of responsibility. This is in accord with the prevailing judicial view. See Annotation, "Labor conditions or relations *533 as factor in determining lowest responsible bidder for public contract or as factor in determining whether public contract should be let to lowest bidder," 110 A.L.R. 1406 (1937). Cf. Keyes Elec. Service v. Cumberland Cty. Freeholders, 15 N.J. Super. 178 (Law Div. 1951); 10 McQuillin, Municipal Corporations (3 ed. 1966), § 29.48 at 361, § 29.73 at 428. See also, State ex rel. United District Heating, Inc. v. State Office Bldg. Comm'n, 124 Ohio St. 413, 179 N.E. 138 (Sup. Ct. 1931), 125 Ohio St. 301, 181 N.E. 129 (Sup. Ct. 1932); Davenport v. Walker, 57 App. Div. 221, 68 N.Y.S. 161 (App. Div. 1901); Daniel B. Van Campen Corp. v. Building & Const. T. Coun., 202 Pa. Super. 118, 195 A.2d 134 (Super. Ct. 1963). Pallas v. Johnson, 100 Colo. 449, 68 P.2d 559 (Sup. Ct. 1937), upon which appellant relies, is distinguishable and, in any event, represents a minority view.
The Director's determination to award the electrical contract to respondent E.P. Reid, Inc., is affirmed.