

# The Attorney General of Texas

July 28, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-1219

Re: Whether Harris County may restrict the award of printing jobs to union printers.

Dear Mr. Resweber:

You ask whether Harris County may restrict the award of printing jobs to union printers. Article 1658, V.T.C.S., provides as follows:

> Bids shall be asked for all supplies of stationery, books, blanks, records, and other supplies for the various officers for which the county is required to pay, and the purchase made from the lowest bidder, after filing said bid with the auditor for record.

Article 2359, V.T.C.S., requires the commissioners court to advertise for bids on stationery and printing. Article 2362, V.T.C.S., establishes four categories of stationery and printing and provides as follows:

> To the lowest bidder on each class shall be awarded the contract for all work of that class.

Cf. V.T.C.S. art. 1580 (county purchasing agent makes all purchases except those required to be made on competitive bids).

The purpose of competitive bidding statutes is stated in Sterrett v. Bell, 240 S.W.2d 516, 520 (Tex. Civ. App. — Dallas 1951, no writ):

> Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or

restrict competition, favor a contractor or material man, or increase the cost of the work or of the materials or other items going into the project.

The Supreme Court quoted this language with approval in Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525 (Tex. 1963). The court considered a highway department rule restricting bids to those providing that construction materials would be manufactured in the United States, its territories and possessions and found it in violation of a competitive bidding statute, article 6674h, V.T.C.S. It stated that the administrative body must act in accordance with the legislative decision favoring unrestricted competition. Texas Highway Commission v. Texas Association of Steel Importers, Inc., supra, at 527.

In Attorney General Opinion H-1086 (1977) we applied the reasoning of the Texas Highway Commission case to a county policy requiring that bidders be located in the county and found that policy to be an illegal restriction on competition. We believe the requirement proposed by Harris County would also be an illegal restriction on competition. See Miller v. City of Des Moines, 122 N.W. 226 (Iowa 1909); State ex rel. United District Heating, Inc. v. State Office Building Comm., 179 N.E. 138 (Ohio 1931), mand. granted, 181 N.E. 129 (Ohio 1932). Compare Pallas v. Johnson, 68 P.2d 559 (Colo. 1937).

## SUMMARY

Harris County may not restrict the award of printing jobs to union printers, since this requirement violates statutes providing for competitive bidding on printing contracts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn