IN THE MATTER OF THE PETITION OF AMEEN N. SBITANI TO APPEAL DENIAL OF FIREARMS PURCHASER ID CARD.

Superior Court of New Jersey
Law Division (Criminal)
Atlantic County

Decided July 8, 1986.

*Ameen N. Sbitani,* petitioner *pro se.*

*Steven M. Janosko* for respondent (*Jeffrey S. Blitz,* Atlantic County Prosecutor attorney).

PORRECA, P.J.Cr.

Petitioner applied to the chief of police for a firearms purchaser identification card. The application was rejected because the petitioner had been previously convicted of possession of marijuana under 25 grams, a disorderly offense under Title 24.

*N.J.S.A.* 2C:58–3c provides in part that:

No person of good character and good repute in the community in which he lives, and who is not subject to any disabilities set forth in this section or other sections of this chapter, shall be denied ... a firearms purchaser identification card, except as hereinafter set forth. No ... firearms purchaser identification card shall be issued: (1) To any person who has been convicted of a crime....

Under the provisions of *N.J.S.A.* 2C:58–3c an application for a firearms purchaser identification card cannot be denied based only upon a disorderly person conviction.

However, *N.J.S.A.* 2C:39–7 provides in part that " ... any person who has been convicted for the unlawful use, possession or sale of a controlled dangerous substance ... who purchases, owns, possesses or controls any of the said weapons (enumerated in 2C:39–1r) is guilty of a crime of the fourth degree."

If *N.J.S.A.* 2C:39–7 is read literally, the absence of the word "crime" in the clause dealing with drug offenses would mean that any person convicted of any disorderly drug offense would be barred from legally possessing a weapon and, therefore, inferentially from obtaining a firearms purchaser identification card even though *N.J.S.A.* 2C:58–3 permits issuance to persons convicted of disorderly offenses. Where two statutes on the same subject matter are in conflict, the statute which deals specifically with the subject shall prevail over the more general statute. *Wittie Elec. Co. v. New Jersey,* 139 *N.J.Super.* 529 (App.Div.1976); *Springfield Tp. v. Union Cty. Park Comm.,* 163 *N.J.Super.* 332, 332 (Law Div.1978). Furthermore, where statutes in some apparent conflict relate to the same subject matter, it is the duty of the court to construe them together as a unitary and harmonious whole insofar as that may be possible in

order that each may be fully effective. *Clifton v. Passaic Cty. Bd. of Taxa.*, 28 *N.J.* 411, 421 (1958); *Stop Pay Hikes v. Irvington Town Council*, 166 *N.J.Super.* 197, 204–205 (Law Div.1979).

■ Firstly, in this case the specific statute is *N.J.S.A.* 2C:58–3c. The more general statute is *N.J.S.A.* 2C:39–7. Therefore, *N.J.S.A.* 2C:58–3 controls.

■ Secondly, a fair and integrated reading of *N.J.S.A.* 2C:39–7 leads one to conclude that the Legislature did not mean to include disorderly offenses within its purview. It did not even include all crimes. In the "extra territorial" paragraph of the statute it refers to *crimes* in other jurisdictions "comparable" to one of the *crimes* enumerated above.

In *State v. Jones*, 198 *N.J.Super.* 553, 563 (App.Div.1985) the court discussed the purpose of *N.J.S.A.* 2C:39–7. The clear statutory purpose is to "deter those previously convicted of serious crimes from possessing dangerous weapons." *State v. Harper*, 153 *N.J.Super.* 86–89 (App.Div.1977). *See also State v. Middleton*, 143 *N.J.Super.* 18, 23 (App.Div.1976), aff'd 75 *N.J.* 47 (1977).

*State v. Cunningham*, 186 *N.J.Super.* 502, 509 (App.Div. 1982) opined that the categories of persons disqualified from obtaining a firearms identification card are *broader* than the categories of persons listed in *N.J.S.A.* 2C:39–7.

Therefore, *N.J.S.A.* 2C:39–7 must be read as meaning that " ... any person who has been convicted of a *crime* (emphasis supplied) for the unlawful use, possession or sale of a controlled dangerous substance ..., who purchases, owns, possesses or controls any of the said weapons is guilty of a crime of the fourth degree."

The chief of police is directed to issue a firearms purchaser identification card to petitioner.