IN THE MATTER OF AMEEN N. SBITANI, APPLICATION FOR FIREARM PURCHASER'S IDENTIFICATION CARD.

Superior Court of New Jersey
Appellate Division

Argued February 10, 1987—Decided March 18, 1987.

Before Judges BRODY, LONG and D'ANNUNZIO.

*Betsy Phillips,* Assistant Atlantic County Prosecutor, argued the cause for appellant State of New Jersey (*Jeffrey S. Blitz,* Prosecutor of Atlantic County, attorney; *Betsy Phillips* of counsel and on the letter brief).

*Charles J. Indyg* argued the cause for respondent Ameen N. Sbitani.

The opinion of the court was delivered by

BRODY, J.A.D.

Ameen Sbitani wants to purchase a shotgun to hunt birds. *N.J.S.A.* 2C:58–3b requires a person to exhibit a valid firearms purchaser identification card in order to acquire a rifle or a shotgun. In an opinion reported at 212 *N.J.Super.* 266, 514 *A.* 2d 873, the Law Division ordered a chief of police to issue Sbitani a firearms purchaser identification card. The chief had "disapproved" the application because Sbitani had been convicted of a "narcotics/dangerous drug offense." The conviction occurred in Virginia and was based on Sbitani's possession of less than 25 grams of marijuana, a disorderly persons offense had the offense occurred in New Jersey. *N.J.S.A.* 24:21–20a(4). The trial judge concluded that because a criminal conviction bars a person from obtaining a purchaser identification card, a disorderly persons conviction cannot be a bar. That would only be so if conviction of a crime were the only statutory bar.

*N.J.S.A.* 2C:58–3c defines five categories of persons to whom a card may not be issued.[1] Persons convicted of a crime constitute one category. Among the other four is one "where the issuance would not be in the interest of the public health, safety or welfare." *N.J.S.A.* 2C:58–3c(5).

Under *N.J.S.A.* 2C:39–7, a person in one of several defined categories "who purchases, owns, possesses or controls any [weapon enumerated in *N.J.S.A.* 2C:39–1r] is guilty of a crime of the fourth degree." A "weapon" includes a "firearm." *N.J.S.A.* 2C:39–1r. A "firearm" includes a rifle and a shotgun. *N.J.S.A.* 2C:39–1f. One category of persons who under *N.J. S.A.* 2C:39–7 may not purchase, own or possess weapons is "any person who has been convicted for the unlawful use, possession or sale of a controlled dangerous substance as

---

[1]*N.J.S.A.* 2C:58–3c provides:

No person of good character and good repute in the community in which he lives, and who is not subject to any of the disabilities set forth in this section or other sections of this chapter, shall be denied a permit to purchase a handgun or a firearms purchaser identification card, except as hereinafter set forth. No handgun purchase permit or firearms purchaser identification card shall be issued:

(1) To any person who has been convicted of a crime, whether or not armed with or possessing a weapon at the time of such offense;

(2) To any drug dependent person as defined in P.L. 1970, c. 226 (C. 24:21–2), to any person who is confined for a mental disorder to a hospital, mental institution or sanitarium, or to any person who is presently an habitual drunkard;

(3) To any person who suffers from a physical defect or disease which would make it unsafe for him to handle firearms, to any person who has ever been confined for a mental disorder, or to any alcoholic unless any of the foregoing persons produces a certificate of a medical doctor or psychiatrist licensed in New Jersey, or other satisfactory proof, that he is no longer suffering from that particular disability in such a manner that would interfere with or handicap him in the handling of firearms; to any person who knowingly falsifies any information on the application form for a handgun purchase permit or firearms purchaser identification card;

(4) To any person under the age of 18 years; or

(5) To any person where the issuance would not be in the interest of the public health, safety or welfare.

defined in ... [*N.J.S.A.*] 24:21–3 et seq." Marijuana is defined in *N.J.S.A.* 24:21–5(e)(10) as a controlled dangerous substance.

It would obviously not be "in the interest of the public health, safety or welfare" under *N.J.S.A.* 2C:58–3c(5) to issue a firearms purchaser identification card to a person who would be committing a crime under *N.J.S.A.* 2C:39–7 were he to use the card to purchase a rifle or a shotgun. It therefore follows that a person may not obtain a purchaser identification card if he "has been convicted for the unlawful ... possession" of marijuana.

The Legislature expressly anticipated that a disorderly persons offense may be a bar to issuance of a purchaser identification card. *N.J.S.A.* 2C:58–3e provides that an application for a card shall "set forth ... whether [the applicant] has ever been convicted of a ... disorderly persons offense...." An affirmative response to that question could not only disclose one or more disqualifying CDS convictions but also one or more convictions for such dangerous conduct as assault,[2] which may properly prompt a police chief to deny the applicant a firearms purchaser identification card because "issuance would not be in the interest of the public health, safety or welfare."

Reversed.

---

[2]*N.J.S.A.* 2C:12–1(a) provides in part:

A person is guilty of assault if he:

(1) Attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or

(2) Negligently causes bodily injury to another with a deadly weapon; or

(3) Attempts by physical menace to put another in fear of imminent serious bodily injury.

*N.J.S.A.* 2C:11–1 includes the following definitions:

(a) "Bodily injury" means physical pain, illness or any impairment of physical condition;

(b) "Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ; ...