# RECORD IMPOUNDED

## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4104-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.A.[1]

     Defendant-Appellant.

_____

Argued October 29, 2018 – Decided November 20, 2018

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 09-10-1036.

Robert N. Agre argued the cause for appellant (Agre & Jensen, attorneys; Robert N. Agre and Annmarie Jensen, on the briefs).

Courtney J. O'Brien, Assistant Prosecutor, argued the cause for respondent (Scott A. Coffina, Burlington County Prosecutor, attorney; Courtney J. O'Brien, of counsel and on the brief).

---

[1] We use initials to protect the privacy of R.A.

PER CURIAM

Defendant R.A. appeals from the April 24, 2017 denial of his petition for post-conviction relief (PCR). We affirm.

This appeal has its genesis in a provision of a consent order that required defendant "to permanently forfeit" his firearms purchaser identification card (FPIC), various firearms, and ammunition pursuant to the terms of a negotiated plea agreement with the State. Following expungement of the underlying convictions and two civil commitments, defendant sought "equitable relief" from the trial court to modify or rescind the consent order, for the purpose of obtaining an FPIC.

I.

We incorporate by reference the facts, which are largely undisputed, and accurately set forth in the PCR judge's April 24, 2017 written opinion. We summarize those facts that are pertinent to this appeal.

Defendant has a long history of military service and law enforcement employment, including training in firearms safety and instruction. He served as a firearms instructor for the United States Navy and New Jersey Division of Criminal Justice. Defendant also was required to carry a weapon in various

civilian positions. He has received accolades throughout his tenure in the military.

Nonetheless, defendant's civilian record is not unblemished. Indeed, defendant has been charged with acts of domestic violence, and various criminal weapons offenses and assault; temporary restraining orders (TRO) have been filed against him by three separate women; and defendant twice has been civilly committed.

Specifically, between September 2007 and October 2008, defendant attempted suicide three times. On the first occasion, he "start[ed] to shoot himself with a gun," but he called his family for help and they intervened. In October 2008, defendant attempted to hang himself with a T-shirt in a holding cell, following his arrest for the offenses underlying the consent order in this appeal. Defendant was involuntarily committed in November 2007 and October 2008. Those commitments were expunged in December 2015.

Further, the charges underlying the consent order stem from an allegation of domestic violence. In particular, in December 2007, defendant's then girlfriend applied for a TRO, claiming defendant possessed four handguns and one shotgun in his home. When local police served defendant with the TRO, which included a provision directing defendant to surrender all weapons in his

possession, defendant claimed he sold the weapons at a gun show in Pennsylvania. Defendant surrendered his FPIC, which was returned to him when the TRO was ultimately dismissed.

Thereafter, on his application for employment with the Philadelphia Police Department (PPD), defendant claimed he owned and possessed four firearms, and never sold any weapons. Around the same time, defendant also applied for a position with the New Jersey State Police, which had reviewed defendant's PPD application. When the State Police confronted defendant about his statements in the PPD application, defendant admitted he possessed the weapons at the time police served him with the TRO at his residence, and had not sold the weapons at a gun show.

Subsequently, police obtained a search warrant for defendant's home, seized several weapons, flash bang devices, and ammunition. Defendant was charged in a Burlington County indictment with: second-degree unlawful possession of an assault firearm, N.J.S.A. 2C:39-5(f) (count one); fourth-degree possession of certain weapons, i.e., fifteen flash bang devices, N.J.S.A. 2C:39-5(d) (count two); fourth-degree prohibited weapons and devices, i.e., a large capacity magazine, N.J.S.A. 2C:39-3(j) (count three); and fourth-degree contempt N.J.S.A. 2C:29-9(b) (count four).

A-4104-16T3

Following extensive negotiations, defendant pled guilty to two disorderly persons offenses: count two as amended to a firearms regulatory violation, N.J.S.A. 2C:39-10(b), and count four as amended to disorderly persons contempt, N.J.S.A. 2C:29-9(b).  As part of the plea agreement, the State agreed to recommend a sentence of fines only, without a probationary term.  Defendant agreed to waive his right to appeal, and forfeit his FPIC.

At his sentencing on May 17, 2010,[2] defendant, his two attorneys, an assistant prosecutor, and the sentencing judge executed the consent order at issue, which provides, in pertinent part:

> IT IS HEREBY PERMANENTLY ORDERED that:
>
> I. Defendant . . . hereby agrees that a principal condition of the State amending count two and count four of Indictment 2009-10-1-36-I to disorderly persons offenses is that defendant agree to permanently forfeit all firearms identification cards, all firearms, and defendant's right to possess firearms in the State of New Jersey.

---

[2]  At the time of sentencing, a charge of domestic violence harassment, N.J.S.A. 2C:33-4(a), was pending in municipal court.  That charge was filed by a second complainant, who also obtained a TRO.  The TRO and charge were dismissed, and the charge was expunged in October 2015.  Further, in July 2010, defendant was charged with aggravated assault, N.J.S.A. 2C:12-1(b), which was amended to a disorderly persons offense, referred to municipal court and dismissed.  That charge was expunged in June 2011.

A-4104-16T3

II. Defendant hereby agrees to waive his right to a separate hearing at which time the State would have to show [by] a preponderance of the evidence that defendant's conduct rendered him unfit pursuant to one of the provisions of N.J.S.A. 2C:58-3.

III. Defendant having waived his right to a hearing stipulates and agrees to the forfeiture of his firearm[s] without the State having to conduct a hearing.

. . . .

VI. Defendant agrees that pursuant to this order he shall <u>not</u> be permitted to possess firearms, explosives, or destructive devices in the State of New Jersey including within defendant's residence.

. . . .

VIII. This order <u>shall not</u> restrict, or impact defendant's right to possess a <u>duty</u> firearm that is <u>issued</u> by local, state, or federal law enforcement or the Armed Forces of the United States in the course of employment or duty. Defendant shall be required to advise any current or prospective employer who requires the carrying of a firearm in the performance of duties that his firearms identification card has been forfeited.

. . . .

X. A violation of any provision of this order shall be considered a violation of N.J.S.A. 2C:29-9(a)[,] a crime of the fourth degree.

Defendant was sentenced pursuant to the terms of the plea agreement. In October 2015, both disorderly persons offenses were expunged pursuant to N.J.S.A. 2C:52-11.[3]

One year later, defendant filed a PCR petition, seeking "an [o]rder modifying the [j]udgment of [c]onviction dated May 17, 2010 with respect to the requirement that he forfeit his firearms identification card only." Defendant filed a certification accompanying the petition, detailing his employment history, military service and accomplishments in an effort to support his contention that he would "not likely . . . act in a manner that is contrary to public safety" if his FPIC were returned to him.

Shortly thereafter, defense counsel advised the court that defendant and the State agreed to the procedure for adjudicating defendant's PCR petition. Among other things, the State "agreed to waive any procedural arguments with respect to the application or that the same is time-barred[,]" and "reserve[d] the right to argue . . . the application to modify should be treated similarly to a motion to modify a plea or vacate a plea." Defendant agreed to bear the burden of demonstrating "'good cause' exists to justify modification [of the consent

---

[3] In December 2015, a third complainant filed a TRO against defendant, which was dismissed following a trial in January 2016.

order] . . . in contrast to the usual burden in gun permit cases in which the State bears the burden."  Defendant also agreed that the expunged files pertaining to the charges and civil commitments at issue could be utilized by the State to challenge defendant's petition.

The PCR judge[4] heard oral argument on April 10, 2017 and thereafter issued a comprehensive, fifteen-page written opinion denying the petition. Recognizing the "unusual procedural posture" presented by defendant's petition, and the five-year time bar pursuant to Rule 3:22-12(a)(1), the judge determined the petition was not time-barred.  In doing so, the court acknowledged the possibility that our court would decide "the parties cannot consent to waive the five-year time limit for a PCR" notwithstanding "the difficulties in settling upon a proper avenue for relief [constitutes] excusable neglect [in these circumstances]."

Accordingly, the PCR judge initially considered defendant's claim as a motion to modify or withdraw a guilty plea pursuant to Rule 3:21-1, and the four factors enunciated in State v. Slater, 198 N.J. 145 (2009), despite defendant's argument that he was not seeking to withdraw his plea.  Following a thorough analysis of the Slater factors, the judge determined there was no basis to vacate

---

[4]  The PCR judge also sentenced defendant.

A-4104-16T3

defendant's guilty plea. The judge also determined defendant did not meet the criteria for reducing or changing his sentence pursuant to Rule 3:21-10.

Recognizing the "parties agreed that the 2010 consent order survived the 2015 expungement of defendant's convictions[,]" the judge likewise rejected defendant's argument that the order should be modified pursuant to the trial court's "equitable powers." Although the judge acknowledged defendant's military service and law enforcement employment, the judge found troublesome defendant's "history with the courts" and "serious mental health history." Citing N.J.S.A. 2C:58-3(c)(5), the judge determined defendant was not entitled to the return of his FPIC because "the issuance would not be in the interest of the public health, safety or welfare." This appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING [DEFENDANT]'S REQUEST FOR POST-CONVICTION RELIEF GIVEN THE COMPELLING EVIDENCE PRESENTED THAT REFUTED THE DISQUALIFICATIONS SET FORTH IN N.J.S.A. 2C:58-3(c)(3).

A. THE TRIAL COURT FAILED TO RECOGNIZE THAT THE COMPELLING PSYCHOLOGICAL EVIDENCE REGARDING [DEFENDANT] OVER-COMES ANY DISQUALIFICATION SET FORTH IN N.J.S.A. 2C:58-3(c)(3).

9

B. [DEFENDANT]'S INDIVIDUAL CHARACTER-ISTICS, HIS HISTORY IN POSSESSING AND USING FIREARMS AND HIS GOOD MORAL CHARACTER AND REPUTATION IN THE COMMUNITY ILLUSTRATE THAT HE SHOULD NOT BE DISQUALIFIED FROM POSSESSING AN FPIC PURSUANT TO N.J.S.A. 2C:58-3(c)(5).

C. SINCE [DEFENDANT]'S FORFEITURE OF HIS FPIC WAS BY CONSENT, THE STATE SHOULD HAVE BEEN REQUIRED TO SHOW THAT IT WOULD HAVE SUCCEEDED HAD A FORFEITURE HEARING BEEN CONDUCTED AT THE TIME OF THE ENTRANCE OF THE ORDER.

POINT II

THE TRIAL COURT ERRED IN RELYING HEAVILY UPON STATE V. SLATER TO DENY [DEFENDANT]'S APPLICATION SINCE HE DID NOT SEEK TO WITHDRAW HIS GUILTY PLEA.

POINT III

THE EXPUNGEMENT OF [DEFENDANT]'S CONVICTIONS SHOULD QUALIFY THEM AS HAVING BEEN "VACATED" FOR THE PURPOSE OF PERMITTING A MODIFICATION OF HIS SENTENCE PURSUANT TO RULE 3:21-10.
(Not raised below)

II.

In order to establish a prima facie PCR claim, a defendant's petition first must satisfy the time limits for filing a claim. See State v. Echols, 199 N.J. 344,

10

357 (2009). Rule 3:22-12(a)(1) provides that a defendant's first petition for PCR shall be filed no more than five years after the entry of the judgment of conviction. Recently, we held:

> [W]hen a first PCR petition shows it was filed more than five years after the date of entry of the judgment of conviction, . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.
>
> [State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).][5]

Further, Rule 3:22-12(a)(1)(A) permits a court to relax the five-year time bar if the petition alleges facts showing the filing was untimely due to defendant's excusable neglect and there is a reasonable probability that, if defendant's factual assertions are found to be true, enforcement of the time bar would result in a fundamental injustice. "The concept of excusable neglect encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App.

---

[5] Brown was decided after the trial judge rendered her decision in this case. However, Brown did not enunciate a new rule of law that would require retroactivity analysis. See State v. Afanador, 151 N.J. 51, 57 (1997).

11

Div. 2009). If the petitioner fails to allege sufficient facts, this rule bars the claim. State v. Mitchell, 126 N.J. 565, 576 (1992).

Here, the judgment of conviction was entered on May 17, 2010, and defendant's first and only PCR was filed more than six years later on October 4, 2016. Importantly, defendant does not claim excusable neglect in failing to timely file the PCR.

Having reviewed the record, we conclude defendant did not "satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12," Brown, 455 N.J. Super. at 470, nor demonstrate excusable neglect pursuant to Rule 3:22-12(a)(1)(A). We thus determine defendant's claims are barred procedurally.

Nonetheless, we briefly address the merits of defendant's claims for the sake of completeness. In doing so, we affirm substantially for the reasons stated in the PCR judge's opinion. We add only the following remarks.

Initially, we agree with the judge's determination that the consent order is still in effect. As the judge astutely recognized, the parties agreed the consent order survived the expungements: "To hold otherwise would produce an absurd result that would nullify the basis upon which the State agreed to . . . defendant's sentence." Further, to the extent defendant's application was a motion to

withdraw his guilty plea pursuant to Rule 3:21-1, or a motion for change of his sentence pursuant to Rule 3:21-10, we agree with the PCR judge's analysis rejecting both claims.

Moreover, defendant's argument that the judge failed to appropriately consider his expert psychological evidence, which overcame any disqualification set forth in N.J.S.A. 2C:58-3(c)(3), is misplaced. As the State counters, the court decided defendant's application pursuant to N.J.S.A. 2C:58-3(c)(5), and determined defendant did not establish compelling evidence to refute the disqualifications set forth in that subsection of the statute.

In relevant part, N.J.S.A. 2C:58-3(c)(5) provides that no permit or FPIC shall be issued "[t]o any person where the issuance would not be in the interest of the public health, safety or welfare[.]" Section (c)(5) is "intended to relate to cases of individual unfitness, where, though not dealt with in the specific statutory enumerations, the issuance of the permit or identification card would nonetheless be contrary to the public interest." In re Osworth, 365 N.J. Super. 72, 79 (App. Div. 2003).

Further, "The dismissal of criminal charges does not prevent a court from considering the underlying facts in deciding whether a person is entitled to purchase a firearm or recover one previously taken by the police." Id. at 78

(citing In re Return of Weapons to J.W.D., 149 N.J. 108, 110 (1997)). The court may also consider a non-criminal conviction, such as a disorderly persons conviction for an offense involving physical violence. For example, in Osworth, we observed that a disorderly persons conviction for assault may be grounds to deny a handgun permit under N.J.S.A. 2C:58-3(c)(5). Id. at 79 (citing In re Sbitani, 216 N.J. Super. 75, 78 (App. Div. 1987)).

In this case, we agree with the trial judge that defendant's history with the courts and his mental health history militate against return of his FPIC. As the judge elaborated:

> The fact of [defendant's] expungement is immaterial; given that the consent order is still in effect, the defendant has agreed that he committed a number of firearms violations. Even beyond . . . defendant's admissions in the consent order, the [c]ourt would still find that it would not be in the interest of the public's health, safety, and welfare to return his FPIC. [Defendant]'s long history of both alleged domestic violence and assaultive conduct is disturbing, especially when coupled with a documented mental health history, which includes at least one suicide attempt in which a firearm was used, along with at least two other suicide attempts and a strong indication of bipolar disorder.
>
> . . . .
>
> Furthermore, in accordance with Osworth, the [c]ourt is permitted to consider conduct that ended in a dismissal, or which the defendant admitted. The [c]ourt

14

is disturbed by . . . defendant's conduct in 2010 when he was charged with harassment while awaiting sentencing on the disorderly persons offenses. Likewise, the quantity of firearms, night vision devices, ballistic shields and helmets, flashbang grenades, and several thousand rounds of ammunition located in . . . defendant's home, which simply cannot be explained away as an accident of bad timing as to the search, is additional reason for hesitation. Then, less than two months after he was sentenced, he was charged with aggravated assault for striking a man in the face and body, although this charge was later downgraded. This all would be disconcerting enough without the then subsequent 2015 TRO, again allegedly involving an act of domestic violence. The 2015 TRO warrant alleged that on December 12, 2015, . . . defendant grabbed the victim (his then[]girlfriend) by the throat during an argument, and that since breaking up, he had been calling her and driving by her home unannounced. Admittedly, no TRO resulted in a[] F[inal] R[estraining] O[rder], but incurring these separate TROs involving three separate women in succession is troubling. All of these events in combination with a serious mental health history and two separate hospitalizations give this [c]ourt great concern and support its conclusion in this matter.

For these reasons, we decline to disturb the PCR judge's determination. The judge's decision to deny defendant's request to set aside the consent order and reinstate his FPIC was supported by adequate and substantial credible evidence in the record. See J.W.D., 149 N.J. at 116.

We find defendant's remaining arguments to be without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

A-4104-16T3

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4104-16T3