**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3640-21

IN THE MATTER OF THE
REVOCATION OF JOHN
BASILE'S FIREARMS
PURCHASER IDENTIFICATION
CARD AND COMPELLING THE
SALE OF HIS FIREARMS.

_____

Submitted November 8, 2023 – Decided November 28, 2023

Before Judges Gooden Brown and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. GPR-0021-22.

Hammerman Rosen LLP, attorneys for appellant (Matthew Joseph Rosen and Marvin J. Hammerman, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Appellant John Basile challenges a June 14, 2022 Law Division order revoking his Firearm Purchaser Identification Card (FPIC) and compelling the sale of his firearms. We affirm.

I.

In November 2021, appellant applied for a FPIC and a handgun purchase permit with the City of Hackensack Police Department. In his application, appellant admitted his prior criminal history included: 1) an adjudication of delinquency as a juvenile; 2) a New Jersey conviction for a disorderly persons offense or a criminal conviction outside New Jersey with a sentencing exposure less than six months; and 3) a criminal conviction in any state with a sentencing exposure of greater than six months. When asked to explain the date, place, and specifics about the charges, appellant stated he did not remember. Despite those disclosures, the Hackensack Police Department approved appellant's application on November 23, 2021.

After appellant attempted to purchase a gun, the New Jersey State Police conducted a background check which revealed the existence of outstanding felony charges in Louisiana and Alabama. As a result, the State Police sent a letter to the Chief of the Hackensack Police Department stating that appellant's application should have been denied based on those pending felony charges.

A-3640-21

Subsequently, the State filed a motion to revoke appellant's FPIC under N.J.S.A. 2C:58-3(f), and to compel the sale of his firearms. Judge Christopher R. Kazlau, J.S.C., scheduled an evidentiary hearing where both appellant and Reuven Lyak, the Hackensack police officer who processed appellant's application, testified.

Officer Lyak detailed appellant's New Jersey criminal history which included a 2011 conviction for the disorderly persons offense of wandering or loitering to obtain a controlled dangerous substance (CDS), N.J.S.A. 2C:33-2.1(b), and a 2018 disorderly persons conviction for using or possessing, with the intent to use, drug paraphernalia, N.J.S.A. 2C:36-2.

Further, according to Officer Lyak, appellant's out-of-state criminal history included a: 1) 1994 charge in Louisiana for aggravated battery; 2) 1994 charge in Alabama for contributing to the delinquency of a minor; and a 3) 1998 charge in Alabama for cocaine possession. Although Officer Lyak could not recall any additional details regarding the Alabama and Louisiana charges, including their dispositions, he testified he attempted unsuccessfully to contact out-of-state agencies to obtain that information.

Officer Lyak further testified regarding appellant's abysmal driving history based on his DMV abstract, which was admitted into evidence. That

abstract revealed convictions for disregarding a stop regulation in 2002, 2008, and 2010; careless driving and failing to observe a traffic control signal in 2003; failing to keep right in 2004; improper turning in 2005 and 2008; failing to wear a seat belt in 2007 and 2008; speeding in 2012; and reckless driving in 2014 and 2016.

Appellant also provided additional information regarding his out of state criminal history. He testified his previous adjudication as delinquent was based on an incident where he burglarized and vandalized a home in Alabama when he was a teenager. He stated the matter was resolved when his parents paid for and fixed the damage to the home he vandalized.

Appellant also testified he was arrested as a juvenile in Alabama for stealing a purse but maintained he found the purse on the ground, looked in it to see if he could identify the owner, and dropped it when there was no identifying information. He stated he did not take anything from the purse.

Appellant testified the 1994 Louisiana charge was for aggravated battery related to a fight he had with a colleague over money. He explained the dispute arose after his colleague's pay was missing. Following an altercation between that coworker and appellant, appellant confronted another colleague who had originally accused him of stealing the money. In response, his colleague swung

4

his belt buckle at appellant, who testified he tried to defend himself by smashing a whiskey pint bottle over the person's head. According to appellant, all parties spent five days in jail after their arrest and later agreed not to pursue criminal charges.

Appellant also addressed the 1994 charge in Alabama for contributing to the delinquency of a minor. He maintained he was twenty-four years old when his seventeen-year-old girlfriend lied to him about her age. He claimed he gave her a cigarette, and after a police officer witnessed her smoking, he was pulled over and charged after the police learned his girlfriend's correct age. Appellant maintained he could not recall the disposition of that charge.

Appellant also testified he was charged four years later in 1998 in Alabama after the police found cocaine residue on a straw in a car he was driving. Appellant denied using cocaine or knowing that the straw with residue was in his car, stating it likely fell out of a friend's pocket, and maintained the charge was ultimately dismissed.

Appellant also disclosed he was arrested for gambling in Hackensack and paid a fine. He maintained he was not gambling, but only in the area where others were gambling.

5

On June 14, 2022, Judge Kazlau issued an order, supported by an oral opinion, revoking appellant's FPIC permit and compelling the sale of his firearms. The judge found, by a preponderance of the evidence, it would not be in the best interest of the public health, safety, or welfare for appellant to be issued a FPIC permit under N.J.S.A. 2C:58-3(c)(5).

In his oral opinion, Judge Kazlau expressed concern with the selectivity of appellant's memory at the hearing, and specifically his ability to recall specific details about the prior incidents but not all of their dispositions. The judge specifically stated appellant's inconsistent recollection "demonstrate[d] . . . and indicate[d] . . . that perhaps he [was] not being entirely truthful with this [c]ourt as to his recollection of those events." Nevertheless, as Judge Kazlau explained, "it's not the fact of the convictions, it's the underlying conduct" that demonstrated "at the least, an indifference to the law and, at its worst, a disregard of the law."

The judge also stated he was concerned about the nature and long period of appellant's criminal conduct. Judge Kazlau explained appellant's extensive criminal history led him to question appellant's "judgment and self-control and willingness to abide by the law regarding the safe handling and possession of firearms." Accordingly, the judge found based on the "totality of the evidence"

it "would be a risk to the public health, safety, and welfare" to allow appellant to obtain firearms, and the State had demonstrated good cause by a preponderance of the evidence to justify the revocation.

Before us, appellant raises two points. First, he contends the court erred by revoking his FPIC because it erroneously concluded his charges in Alabama and Louisiana were still outstanding. In support, he presents for the first time before us two documents purporting to show the charges' disposition: a letter from the district attorney of the Twenty-Fourth Judicial District, Parish of Jefferson, Louisiana, dated July 19, 2022, stating the office "refused" the 1994 aggravated battery charge, and an Alabama sentencing order dated December 9, 1994 reflecting appellant was convicted of an unspecified charge and sentenced to six months in jail, suspended, and twelve years of unsupervised probation.

Appellant's inclusion of these documents was improper, as neither was part of the record before the trial court. See R. 2:5-4(a); N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278 (2007) (declining to consider evidence not in trial record as the "scope of review . . . is limited to whether the trial court's decision is supported by the record as it existed at the time of trial"); Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997) (noting "[t]he record before us should consist only of those filings in the court below"). While

not provided explicitly in our Rules, "'an appellate court has the inherent power to address such a motion [to supplement the record]' subject to the application of certain enumerated factors." City of Atl. City v. Trupos, 201 N.J. 447, 470 n. 11 (2010) (alteration in original) (quoting Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 452-53 (2007)). Appellant did not move to supplement the record nor explain why we should consider these documents in the first instance. Nevertheless, we have considered appellant's arguments on the merits and reject them for the reasons we detail below.

In his second point, appellant contends the judge erred when he concluded granting him a FPIC was "not . . . in the interest of the public health, safety or welfare." N.J.S.A. 2C:58-3(c)(5). He distinguishes State v. Cunningham, 186 N.J. Super. 502, 507 (App. Div. 1982); State v. Freysinger, 311 N.J. Super. 509, 516-17 (App. Div. 1998) and In re Osworth, 365 N.J. Super. 72, 81 (App. Div. 2003) noting he did not engage in any of the disqualifying conduct found in those cases. Additionally, appellant argues his disorderly persons convictions involve "marijuana related offenses," and were over eight years apart, evidencing he was not a "habitual drug use[r]." We are not persuaded by any of these contentions.

II.

8

Our review of "a trial court's legal conclusions regarding firearms licenses [is] de novo." In re N.J. Firearms Purchaser Identification Card by Z.K., 440 N.J. Super. 394, 397 (App. Div. 2015). However, we are bound to accept the trial court's fact findings if they are supported by substantial credible evidence. In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997). It is well settled that "[d]eference to a trial court's fact-findings is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Id. at 117. Thus, an appellate court should not disturb a trial court's fact-findings unless those findings would work an injustice. Rova Farms Resort v. Invs. Ins. Co., 65 N.J. 474, 483–84 (1974).

An application for a FPIC is governed by N.J.S.A. 2C:58-3.[1] The statute provides in pertinent part:

[1] Following the revocation of appellant's FPIC, Governor Murphy amended a number of New Jersey firearm statutes in response to the United States Supreme Court's decision in N.Y. State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111 (2022). These changes, effective December 22, 2022, modified the "disqualifying criteria set forth in" N.J.S.A. 2C:58-3(c)(5) to reflect a FPIC "shall not be issued . . . [t]o any person where the issuance would not be in the interest of the public health, safety or welfare because the person is found to be lacking the essential character of temperament necessary to be entrusted with a firearm." See generally In re M.U.'s Application for a Handgun Purchase Permit, 475 N.J. Super. 148, 194-98 (App. Div. 2023) (finding N.J.S.A. 2C:58-3(c)(5) constitutional and its amendments applicable to applications submitted on or after the amendments' December 22, 2022 effective date). Because

No person of good character and good repute in the community in which he lives, and who is not subject to any of the disabilities set forth in this section or other sections of this chapter, shall be denied a permit to purchase a handgun or a firearms purchaser identification card, except as hereinafter set forth. No handgun purchase permit or firearms purchaser identification card shall be issued:

(1)[ ]To any person who has been convicted of any crime, or a disorderly persons offense involving an act of domestic violence as defined in section 3 of P.L.1991, c.261 (C.2C:25-19), whether or not armed with or possessing a weapon at the time of such offense;

. . . .

(5)[ ]To any person where the issuance would not be in the interest of the public health, safety or welfare . . . .

[N.J.S.A. 2C:58-3(c).]

Our statute "recognizes that the right to possess firearms is presumed, except for certain good cause." In re Z.L., 440 N.J. Super. 351, 355 (App. Div. 2015) (citing N.J.S.A. 2C:58-3(c)). The statute lists a series of disqualifying circumstances, and specifically provides that no FPIC "shall be issued . . . [t]o any person where the issuance would not be in the interest of the public health, safety or welfare." N.J.S.A. 2C:58-3(c)(5). This provision "is 'intended to relate

_____

appellant's application pre-dates the amendment's effective date, we apply, as did Judge Kazlau, the prior version of N.J.S.A. 2C:58-3(c)(5).

10

to cases of individual unfitness, where, though not dealt with in the specific statutory enumerations, the issuance of the permit or identification card would nonetheless be contrary to the public interest.'" Z.L., 440 N.J. Super. at 356 (quoting Osworth, 365 N.J. Super. at 79).

We have found unfitness under subsection (c)(5) in a variety of circumstances. For instance, the exclusion has been applied to those who have disregarded New Jersey's gun laws. See Osworth, 365 N.J. Super. at 80-81; Cunningham, 186 N.J. Super. at 510-513. Misusing a weapon, however, is not required for a revocation or forfeiture under subsection (c)(5). In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 514 (2016). We have also applied the statute to people convicted of disorderly persons offenses. See In re Sbitani, 216 N.J. Super. 75, 76-78 (App. Div. 1987) (affirming denial of an FPIC because of the individual's conviction for possession of less than twenty-five grams of marijuana).

"[A] judicial declaration that a defendant poses a threat to the public health, safety or welfare involves, by necessity, a fact-sensitive analysis." State v. Cordoma, 372 N.J. Super. 524, 535 (App. Div. 2004). As noted, when reviewing such determinations, we accept the trial court's fact findings so long as they are supported by substantial credible evidence. J.W.D., 149 N.J. at 116;

11                                                                    A-3640-21

see, e.g., Cunningham, 186 N.J. Super. at 510-11 (where defendant shot his wife, the court found that the intentional wrongdoing or negligence in the handling of a weapon supported the denial of permit); Freysinger, 311 N.J. Super. at 516-17 (firearm forfeiture was upheld where defendant had two convictions for DUI, two convictions for refusal to submit to chemical tests and admitted to hitting a pedestrian with his car and not stopping his vehicle); Osworth, 365 N.J. Super. at 81 (holding that defendant's FPIC application was properly denied where he had clearly violated N.J.S.A. 2C:39-5(b), unlawful possession of a handgun, and N.J.S.A. 2C:39-3(f), possession of hollow point ammunition, but was never charged).

With these guiding principles in mind, we find no error in the judge's finding of good cause, as it is amply supported by the record and legally sound. The sum of appellant's criminal history, including a disorderly persons conviction for the wandering or loitering to obtain a CDS, a disorderly persons conviction for using or possessing with the intent to use drug paraphernalia, and a fine paid for gambling, combined with an extensive history of traffic citations and the underlying conduct involved in the Alabama and Louisiana cases, was more than sufficient to conclude appellant was not entitled to the permit pursuant to N.J.S.A. 2C:58-3(c)(5).

We also reject each of appellant's arguments. As to appellant's first argument, although the judge specifically noted "there [wa]s no conclusive evidence" the 1994 and 1998 cases had been resolved, it relied upon "the totality of the evidence" demonstrating appellant's "conduct of disregard or indifference for the law."

Here, Judge Kazlau correctly reasoned "it's not the fact of the convictions, it's the underlying conduct and it demonstrates . . . at the least, an indifference to the law and, at its worst, a disregard of the law" which "date[d] back almost thirty years and continue[d] to more recent times, as recently as June of 2018." This troubling conduct, the court explained, included "drug-related conduct" and violence. We discern no basis to disagree with these findings and the judge's ultimate legal conclusion. Indeed, as noted, "[t]he dismissal of criminal charges does not prevent a court from considering the underlying facts in deciding whether a person is entitled to purchase a firearm . . . ." Osworth, 365 N.J. Super. at 78.

With respect to appellant's second point, our Supreme Court made clear in F.M. "[t]he statute as written does not require the court to wait for an individual to use a weapon inappropriately before ordering forfeiture." 225 N.J. at 514. While appellant may not have engaged in the specific conduct at issue

in <u>Osworth</u>, <u>Cunningham</u>, or <u>Freysinger</u>, the totality of the undisputed evidence reflects a pattern of indifference or disregard for the law, raising concerns about appellant's "judgment and self-control and willingness to abide by the law regarding the safe handling and possession of firearms." Appellant's New Jersey convictions, dismal driving record, and admitted conduct underlying the out-of-state charges, when considered in their totality, demonstrated his possession of a FPIC "would not be in the interest of the public health, safety, or welfare." N.J.S.A. 2C:58-3(c)(5).

In sum, we are satisfied the court's decision to revoke appellant's FPIC and compel the sale of his firearms was amply supported by substantial evidence in the record, including appellant's own testimony, and we see no reason to disturb it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3640-21