NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.   A-5851-12T1

IN THE MATTER OF THE DENIAL
FOR A NEW JERSEY FIREARMS
PURCHASER IDENTIFICATION CARD
AND PERMIT TO PURCHASE A HANDGUN
BY Z.K.

_____

APPROVED FOR PUBLICATION

May 14, 2015

APPELLATE DIVISION

Submitted September 23, 2014 — Decided May 14, 2015

Before Judges Fisher, Accurso and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County.

Evan F. Nappen, attorney for appellant Z.K.
(Louis P. Nappen, on the brief).

Andrew C. Carey, Middlesex County
Prosecutor, attorney for respondent State of
New Jersey (Brian D. Gillet, Deputy First
Assistant Prosecutor, of counsel and on the
brief; Matthew P. Tallia, on the brief).

The opinion of the court was delivered by

ACCURSO, J.A.D.

Z.K. applied for a firearms purchaser identification card,

N.J.S.A. 2C:58-3b, and a permit to purchase a handgun, N.J.S.A.

2C:58-3a.  The East Brunswick Police Department denied both

because of his "incomplete application."  Pursuant to N.J.S.A.

2C:58-3d, Z.K. requested a hearing in the Superior Court, and

the court upheld the denials on the ground that Z.K. refused to complete an additional form required by East Brunswick that the court found did not "add[] anything to the [Superintendent of the Division of State Police's] form or the requirements of Chapter 58." Z.K. now appeals from that order. We reverse.

In the Law Division, the State contended that Z.K.'s failure to complete the "Certification of Juvenile Record" required by the East Brunswick Police Department rendered his application incomplete and justified the department's denial of the permits. The State presented the testimony of the detective sergeant charged with investigating Z.K.'s application.

According to the officer, the first thing he did upon receipt of an application was to review it for completeness before proceeding. Upon ascertaining that Z.K. had not completed the department's juvenile record form, he telephoned Z.K. who confirmed he would not be submitting the form.[1] The officer discontinued the processing of Z.K.'s application and recommended to the captain responsible for gun permits that Z.K.'s application be denied. The captain thereafter wrote to

---

[1] Z.K.'s counsel submitted the application for the permits to the police department. In his cover letter, counsel expressed his understanding that the department requested firearm permit applicants to complete the juvenile record form. Relying on N.J.S.A. 2C:58-3f, counsel advised that "[Z.K.] will not be submitting any additional municipal form(s) or certifications with his permit application."

Z.K. advising that the permits had been denied on the basis of the incomplete application.[2]

On cross-examination, the officer acknowledged the juvenile record form requires an applicant to include his name, date of birth, and social security number; to confirm that he has never "pled guilty or been found guilty of any offense committed as a juvenile that has not been expunged"; to list the date, type of charge, town and county where any offense was committed; to sign the form; and to have a witness sign the form.[3] He agreed with counsel's characterization of the form as "merely duplicative" of the information required by question 18 on the superintendent's form, which asks, "Have you ever been adjudged a juvenile delinquent? If yes, list date(s), place(s) [and] offense(s)." The officer also acknowledged that the department had already run a juvenile records' check on Z.K. at the point

_____

[2] The officer testified that East Brunswick's police chief delegated his responsibilities in the issuance and denial of gun permits to the highest ranking captain in the department. Z.K. contends that the captain was without authority to deny the permits pursuant to N.J.S.A. 2C:58-3d and Weston v. State, 60 N.J. 36, 45 (1972). Our disposition of the appeal makes it unnecessary to address this point or Z.K.'s other additional grounds for reversal of the order on review.

[3] The State stipulated that the juvenile record form was not a State Police form.

it determined to deny his application and was aware he had no juvenile record.[4]

After hearing the testimony, the court concluded East Brunswick's juvenile record form was duplicative of question 18 on the superintendent's form. Posing the question as "whether it's appropriate . . . for a law enforcement agency to ask somebody to answer the same thing twice," the court found no violation of N.J.S.A. 2C:58-3(f) because the applicant was not being asked for "[s]omething additional. . . . This is the exact same thing, it's just simply being asked twice." Ultimately, the court ruled it was denying the appeal on the same basis that the East Brunswick police had denied the permit — that Z.K.'s failure to complete the certification rendered his application incomplete.

We review a trial court's legal conclusions regarding firearms licenses de novo. In re Sportsman's Rendezvous Retail

---

[4] Although the record on this point is not clear, it would appear that Z.K. had certain juvenile records expunged in 1999, including one relating to unlawful possession of a weapon. The department apparently received the records from the Clark Police Department which denied Z.K.'s applications for a firearms purchaser identification card and a permit to purchase a handgun in 1994 and 1998. N.J.S.A. 2C:58-3c(7) precludes a person "who as a juvenile was adjudicated delinquent for an offense which, if committed by an adult, would constitute a crime and the offense involved the unlawful use or possession of a weapon" from obtaining a firearms purchaser identification card or permit to purchase a handgun.

Firearms Dealer's License, 374 N.J. Super. 565, 575 (App. Div. 2005).  Having reviewed the record, we agree with Z.K. that the trial court erred in finding East Brunswick's insistence on the added municipal form within the letter and spirit of N.J.S.A. 2C:58-3.  Although perhaps not in conflict[5] with the superintendent's form, the department's additional form is contrary to the plain meaning of subsections e and f of N.J.S.A. 2C:58-3.

N.J.S.A. 2C:58-3e provides that "[a]pplications for permits to purchase a handgun and for firearms purchaser identification cards shall be in the form prescribed by the [S]uperintendent [of the Division of State Police]," and sets forth the information to be included in the application.  The statute mandates that "[a]pplication blanks shall be obtainable from the superintendent, from any other officer authorized to grant such

_____

[5] The wording of the department's form makes unclear the information actually sought from the applicant and thus whether it is redundant of the superintendent's form.  The form asks the applicant to confirm that he has never "pled guilty or been found guilty of any offense committed as a juvenile that has not been expunged."  Juveniles prosecuted in the Family Part cannot plead to or be found guilty of an "offense"; they are adjudicated delinquent based on conduct that would constitute a crime, a disorderly persons offense or petty disorderly persons offense or a violation of any other penal statute, ordinance or regulation if committed by an adult.  See N.J.S.A. 2A:4A-23. The wording could suggest that rather than requesting information about juvenile adjudications, East Brunswick's form seeks information about convictions of a juvenile who was waived up for prosecution as an adult.  See N.J.S.A. 2A:4A-26.

permit or identification card, and from licensed retail dealers." N.J.S.A. 2C:58-3e. N.J.S.A. 2C:58-3f requires that "[t]here shall be no conditions or requirements added to the form or content of the application, or required by the licensing authority for the issuance of a permit or identification card, other than those that are specifically set forth in this chapter."

The Legislature's command that applications be in the "form prescribed" by the superintendent and obtainable from the State Police, local law enforcement and licensed retail dealers and that "no conditions or requirements [be] added to the form or content" of that application precludes an interpretation that would allow the hundreds of municipal police departments in this State to develop applications supplementing the form promulgated by the Superintendent of the Division of State Police. See DiProspero v. Penn, 183 N.J. 477, 492-94 (2005). That East Brunswick is charged with investigating "the application to determine whether or not the applicant has become subject to any of the disabilities" set forth in N.J.S.A. 2C:58-3c does not give it license to do so by means expressly prohibited by

subsections e and f, namely supplementing the superintendent's application form.[6]  See N.J.S.A. 2C:58-3e and f.

Nor can we accept the trial court's interpretation that only municipal forms seeking information beyond that required by the superintendent's form or authorized by subsection e are interdicted.  To do so would allow municipal police departments to deny permits to purchase a handgun and firearms purchaser identification cards to individuals who have completed the prescribed application form and are under no statutory disability, a result clearly not intended by the Legislature.  See N.J.S.A. 2C:58-3c.  East Brunswick may not burden an applicant with redundant requirements any more than it may impose conditions or requirements not authorized by the Legislature or the Superintendent of the Division of State Police.

Because the court's ruling to reject Z.K.'s challenge was based solely on his failure to complete the invalid application form, we reverse and remand for entry of an order directing the Chief of Police of East Brunswick to complete his investigation and, unless good cause for the denial thereof appears, grant the

---

[6] If the police chief in East Brunswick or any other municipality is of the view that the superintendent's form is inadequate, the remedy is not to promulgate an additional form but to address the need for changes either directly with the superintendent or with the Attorney General through the county prosecutor.

permit and the identification card in accordance with <u>N.J.S.A.</u> 2C:58-3f within thirty days from the date of receipt of the court's order.  The court may require Z.K. to provide any additional information made necessary by the passage of time to make his application complete and accurate.

Reversed and remanded for further proceedings in conformity with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5851-12T1