**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2270-16T4

IN THE MATTER OF THE
APPEAL OF THE DENIAL
OF A.M.'S APPLICATION
FOR A FIREARMS PURCHASER
IDENTIFICATION CARD (FPIC)
AND HANDGUN PURCHASE
PERMIT (HPP).

_____

Submitted May 1, 2018 — Decided August 17, 2018

Before Judges Fisher and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County.

Evan F. Nappen, attorney for appellant A.M.
(Louis P. Nappen, on the brief).

Dennis Calo, Acting Bergen County Prosecutor,
attorney for respondent State of New Jersey
(William P. Miller, Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Petitioner A.M.[1] appeals from a December 19, 2016 order

upholding the denial of his application for a New Jersey Firearms

_____

[1] Although appellant's filings, including his notice of appeal,
amended notice of appeal, court transcript request, criminal case
information statement, merits brief, and all documents comprising

Purchaser Identification Card (ID card) and a Permit to Purchase a Handgun (Permit). We affirm because we conclude there was substantial credible evidence to support the trial judge's finding that under N.J.S.A. 2C:58-3(c)(5), it would be against the "public health, safety, and welfare" for A.M. to be granted his application.

This appeal has its beginnings when A.M., a resident of Fort Lee, submitted an ID card application with the Fort Lee Police Department. In the ensuing background investigation, several concerns were identified. As a juvenile, A.M. pled guilty to what, if committed by an adult, would constitute a crime of disorderly-persons simple assault. He was sentenced to one-year probation term with a one-year period of adjustment conditioned upon probationary supervision and six months of mental-health counseling, which he never completed. Four years later, while a special observer with the Fort Lee Volunteer Ambulance Corps, A.M. presented himself as a full-time volunteer. A year later, after A.M. volunteered with the Ridgefield Park Volunteer Ambulance Corps, the deputy chief had concerns regarding A.M.'s use of his

---

the record contain his full name, we use his initials — notwithstanding that his request for such action was not by motion but only a point in his merits brief, which was opposed by the State — because of the references to his juvenile and mental health counseling history.

vehicle's blue emergency lights and siren in pursuit of an ambulance. It was further revealed that A.M. — while driving a black Dodge charger with a heavy tint on its windows and blue emergency lights activated, and possessing a false government document — used a police scanner to show up on police calls. At the investigation's conclusion, the Fort Lee Police Chief determined that A.M. was not fit to purchase a firearm and issued him a letter denying his application for an ID card. A.M.'s appeal to the Law Division was denied by Judge Edward A. Jerejian following an evidentiary hearing.

Less than two weeks later, A.M. filed an application for an ID card and Permit with Ridgefield Park Police Department claiming he was a resident of Ridgefield Park. Following that department's background investigation, his application was denied due to conflicting information about his place of residence and incidents, not revealed by the Fort Lee investigation, in which A.M., while with the Ridgefield Park Volunteer Ambulance Corps, conducted a "routine spot check" in a park and drove erratically in an apparent undercover police car while responding to a medical call. Like the Fort Lee application, this rejection was appealed to the Law Division and denied by Judge Jerejian.

In his oral decision, the judge stated it was no coincidence that right after the Fort Lee application appeal was denied, A.M.

A-2270-16T4

allegedly moved to Ridgefield Park, and found the evidence established that he was not a bona fide resident of Ridgefield Park. Moreover, based upon the incidents revealed by both municipalities' investigations and his order upholding the denial of A.M.'s Fort Lee ID card application, the judge, citing N.J.S.A. 2C:58-3(c)(5), found that the "[State] met [its] burden that issuance of an [ID card] and a permit to purchase a handgun [to A.M. was] not in the interest of the public health, safety, and welfare."

In this appeal, A.M. raises several arguments challenging the legality of the judge's order upholding Ridgefield Park's denial of his ID card and Permit application. He first argues a remand is required because under Weston v. State, 60 N.J. 36, 44 (1972), the Ridgefield Park Police Chief did not afford him a pre-denial conference and did not testify at the evidentiary hearing, and he was not interviewed by the investigating officer prior to the chief's denial of his application.[2] We disagree.

Our Supreme Court recognized in Weston that a Law Division de novo hearing for a denied applicant "contemplates introduction

---

[2] To support his argument that we should remand, A.M. relies on an unpublished opinion, In re Pejman Rohani, No. A-6249-12 (App. Div. Jan. 2, 2015). However, unpublished opinions do not constitute precedent or bind us. Trinity Cemetery Ass'n v. Twp. of Wall, 170 N.J. 39, 48 (2001); R. 1:36-3.

of relevant and material testimony and the application of an independent judgment to the testimony by the reviewing court," and the review "compensates constitutionally for procedural deficiencies before the [police chief]." Id. at 45-46. We have also recognized the futility of a remand for a chief's conference even when there was a complete failure to comply with Weston's mandate, where the applicant was eventually informed of the reasons for the denial and there was no likelihood of an informal resolution. In re Dubov, 410 N.J. Super. 190, 200 n.2 (App. Div. 2009). Further, A.M. fails to prove any prejudice stemmed from the chief's decision not to give him a pre-denial conference, and he proffers no explanation or information that he could have presented that plausibly could have altered the chief's decision. Hence, a remand for a chief's conference would be pointless.

As for the lack of the Ridgefield Park Police Chief's testimony at the evidentiary hearing, ordinarily it would be preferable for him to testify. However, it was not necessary. Judge Jerejian cited the testimony of the investigating officer, whom the chief relied upon in making his decision, and the testimony of the Fort Lee Police Chief in his denial of A.M.'s ID card application, which will be further discussed below, was largely predicated on the same disqualifiers as Ridgefield Park's denial. Based upon our de novo review of A.M.'s applications, In

re N.J. Firearms Purchaser Identification Card by Z.K., 440 N.J. Super. 394, 397 (App. Div. 2015), we discern no injustice in the judge's fact-findings, In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997).

A.M. next attacks the admission of evidence denied him a de novo hearing as required by Weston, 60 N.J. at 51. He argues the judge failed to conduct an evidentiary hearing by improperly relying upon the hearsay evidence of his hearing notes from the Fort Lee appeal. He further claims that the testimony of his new landlord and the investigating officer regarding his place of residence was hearsay because it was not based upon first-hand knowledge. We disagree.

We find merit in the State's contention that Judge Jerejian's reliance on the Fort Lee hearing constituted an exercise of judicial notice. A court may take judicial notice of "records of the court in which the action is pending," N.J.R.E. 201(b)(4), "whether requested or not," N.J.R.E. 201(c). Even without a transcript of the prior proceeding, a judge may properly rely on the testimony heard in a prior hearing. See In re Breckwoldt, 22 N.J. 271, 275 (1956); Brick v. Vannell, 55 N.J. Super. 583, 587-88 (App. Div. 1959) (noting that trial judge appropriately took judicial notice of facts adduced in a prior suit over which the judge presided). As for the judge's reliance on hearsay, our

review of the record does not evince that his decision rested exclusively upon hearsay. That said, as the Court held in Weston, hearsay is generally admissible in reviewing an administrative decision. 60 N.J. at 51. "Hearsay may be employed to corroborate competent proof, or competent proof may be supported or given added probative force by hearsay testimony," but added, "there must be a residuum of legal and competent evidence in the record." Ibid. "The residuum rule does not require that each fact be based on a residuum of legally competent evidence but rather focuses on the ultimate finding or findings of material fact." Ruroede v. Borough of Hasbrouck Heights, 214 N.J. 338, 359 (2013). In sum, we see no abuse of discretion in the judge's evidentiary rulings, Townsend v. Pierre, 221 N.J. 36, 52-53 (2015), and as noted, we discern no injustice in his fact-findings.

We next conclude there is no merit to A.M.'s argument that Judge Jerejian improperly shifted the burden to him to prove that he resided in Ridgefield Park when it was the State's burden, and, thus, erred by denying his application on the ground that he did move to Ridgefield Park. The judge's comment that A.M. had a "burden" to show residency is a fair assessment of his obligation to combat the State's proofs that he did not reside in Ridgefield Park. Konigsberg v. State Bar of Cal., 366 U.S. 36, 55 (1961) ("Requiring a defendant in a civil proceeding to testify or to

submit to discovery has never been thought to shift the burden of proof to him."). We therefore see no cause to disturb the judge's finding that A.M. was not a bona fide resident of Ridgefield Park when he submitted his application.

For the first time on appeal, A.M. argues: that he is not a threat to the public, citing, i.e., his experience as an EMT and as a Range Safety Officer at a firearm range, and his acceptance and attendance at the New Jersey Police Academy; that the "interest of the public health, safety or welfare" provision in N.J.S.A. 2C:58-3(c)(5) is constitutionally vague; and that this matter should be impounded[3] because his juvenile history and court-ordered mental health counseling are mentioned. We decline to consider these newly raised arguments because they are not jurisdictional in nature nor do they substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citation omitted). Even considered, these arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and because we have previously held that N.J.S.A. 2C:58-3(c)(5) is not unconstitutionally vague, In re Winston, 438 N.J. Super. 1, 10 (App. Div. 2014) (citing In re Dubov, 410 N.J. Super. at 196-97).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] As previously noted, we decided to use appellant's initials.

A-2270-16T4