# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1334-20

IN THE MATTER OF SEIZURE
OF FIREARMS, REVOCATION
OF FIREARMS ID CARD, AND
FORFEITURE OF RIGHT TO
OWN FIREARMS BY GREEN
BROOK TOWNSHIP AGAINST
T.F.[1]

_____

Submitted January 27, 2022 – Decided February 4, 2022

Before Judges Alvarez, Haas, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. GPA-001-19.

James S. Friedman, attorney for appellant T.F.

DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys for respondent Township of Green Brook (Matthew C. Dorsi, on the brief).

PER CURIAM

---

[1] We use initials pursuant to Rule 1:38-3(d)(9).

Appellant T.F. appeals from an October 28, 2020 order denying his application for a firearms purchaser identification card (FPIC). We affirm.

In June 2006, appellant's wife M.P. obtained a temporary restraining order (TRO) pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. As a result, police seized appellant's shotgun and FPIC. The State filed a petition objecting to the return of the weapon and FPIC, and a Family Part judge entered an order on August 30, 2006, permitting the return on conditions that appellant

> obtain a report and provide a copy to both the [c]ourt and the State, within [sixty] days from the date of this [o]rder, from a qualified individual that states: A) that he has no anger management issues, B) that he does not pose a danger to himself or any other individual[,] and C) that he is safe to possess firearms[.]

Appellant complied with the order and furnished the required report in October 2006, but never retrieved the weapon and FPIC because he moved out of state.

On November 8, 2006, M.P. alleged appellant assaulted her and obtained a second TRO. Appellant was charged with simple assault. M.P. failed to appear for the hearing on the assault charge and the complaint was dismissed. On November 30, 2006, she requested dismissal of the TROs because the parties finalized their divorce settlement, which included a no-contact provision. They were divorced the following month.

A-1334-20

In May 2007, the State moved to modify the August 2006 order. In support of the motion, an investigator from the Hunterdon County Prosecutor's Office certified that while conducting her follow-up investigation after appellant submitted the October 2006 report, she discovered the November 2006 simple assault charge and the second TRO. Based on appellant's violations, the State sought to modify the August 2006 order "to prevent a transfer of the weapon[] back to" appellant. On May 17, 2007, a Family Part judge entered an order finding appellant failed to meet the conditions of the August 2006 order and ordered forfeiture of his shotgun and FPIC. Appellant never challenged or appealed from that order.

In February 2019, appellant applied to the Green Brook Police Department for a new FPIC. The application was denied because police discovered appellant's weapon and FPIC were seized pursuant to the PDVA and not returned.

Appellant appealed from the denial and certified to the court there was no "real threat of physical violence" and the TROs "clearly stemmed from [his] acrimonious relationship with [M.P.] and a bitter divorce," and noted the

dismissal of the simple assault case for lack of prosecution.[2] Appellant's counsel argued the May 2007 order was not controlling and the Law Division judge could review it because it "needed to be vetted further" to determine if there was a basis to order the weapons and FPIC forfeiture.

The Law Division judge denied the appeal in a written opinion. He concluded that "while the [June 2006 and November 2006] incidents . . . may not have risen to the level of domestic violence under N.J.S.A. 2C:58-3(c)(6),[3] N.J.S.A. 2C:58-3(c)(8) still applies. [Appellant] had his firearm seized pursuant to the [PDVA] and his firearm and FPIC have not been returned."

Appellant raises the following point on appeal:

> THE TRIAL COURT'S DECISION STEMMED FROM A READING OF N.J.S.A. 2C:58-3(c)(8) THAT FAILED TO ACCOUNT FOR ALL OF THE RELEVANT FACTS THAT GAVE RISE TO THE TROS, AND MUST THEREFORE BE REVERSED.

We review a trial court's legal conclusions de novo. In re N.J. Firearms Purchaser Identification Card by Z.K., 440 N.J. Super. 394, 397 (App. Div.

---

[2] Appellant also raised jurisdictional arguments, which are not a part of this appeal.

[3] N.J.S.A. 2C:58-3(c)(6) prohibits the return of weapons "[t]o any person who is subject to a restraining order pursuant to the [PDVA] prohibiting the person from possessing any firearm[.]"

A-1334-20

2015) (citing In re Sportsman's Rendezvous Retail Firearms Dealer's License, 374 N.J. Super. 565, 575 (App. Div. 2005)).  However, "an appellate court should accept a trial court's findings of fact that are supported by substantial credible evidence."  In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997).

The PDVA's purpose is "to assure the victims of domestic violence the maximum protection from abuse the law can provide."  In re Forfeiture of Pers. Weapons and Firearms Identification Card Belonging to F.M., 225 N.J. 487, 509 (2016) (quoting N.J.S.A. 2C:25-18).  "Because the presence of weapons can heighten the risk of harm in an incident of domestic violence, the [PDVA] contains detailed provisions with respect to weapons."  State v. Harris, 211 N.J. 566, 579 (2012).

Any "person of good character and good repute in the community" may obtain a firearm, subject to certain statutory "disabilities[.]"  N.J.S.A. 2C:58-3(c).  Accordingly, "[n]o handgun purchase permit or [FPIC] shall be issued . . . [t]o any person whose firearm is seized pursuant to the [PDVA] and whose firearm has not been returned[.]"  N.J.S.A. 2C:58-3(c)(8).

Appellant argues the Law Division judge interpreted N.J.S.A. 2C:58-3(c)(8) literally, as rejected by our Supreme Court in M.S. v. Millburn Police

A-1334-20

Department, 197 N.J. 236 (2008). He asserts the judge should have considered the circumstances surrounding the entry of the TROs and made factual findings using the criteria set forth in the Domestic Violence Forfeiture Statute (DVFS), N.J.S.A. 2C:25-21(d)(3),[4] to determine whether the May 2007 order seizing the weapon and FPIC was justified. We are unpersuaded.

In M.S., the plaintiff's weapons and FPIC were seized in connection with a domestic violence complaint and sold pursuant to a consent judgment entered by M.S. and the State. 197 N.J. at 238-39. The judgment did not require the plaintiff to forfeit his FPIC and no hearing was held to determine whether he was disqualified from obtaining a firearm. Id. at 239. Eight years later, police refused to return the plaintiff's FPIC because his weapons were not returned to him, barring him from possessing a firearm under N.J.S.A. 2C:58-3(c)(8). Ibid.

---

[4] N.J.S.A. 2C:25-21(d)(3) requires the State to formally move to bar the return of a person's "weapons and any authorization papers" and requires the court, after the hearing, to order the return of these items if it

> determines the owner is not subject to any of the disabilities set forth in N.J.S.[A.] 2C:58-3(c) and finds that the complaint has been dismissed at the request of the complainant and the prosecutor determines that there is insufficient probable cause to indict; or if the defendant is found not guilty of the charges; or if the court determines that the domestic violence situation no longer exists.

A-1334-20

We held the plaintiff's FPIC should be withheld because "under the plain language of N.J.S.A. 2C:58-3(c)(8), [the] plaintiff's previously seized firearms were not 'returned' to him." Ibid.

The Supreme Court reversed, finding the plaintiff "did not admit to a statutory basis for forfeiting his right to possess a firearms card or a firearm under the [DVFS]" by entering the consent judgment, and that there was no judicial finding he forfeited those rights. Ibid. The Court held the plaintiff was entitled to a hearing to determine whether, at the time of the consent judgment, the prosecutor's office could have succeeded in revoking the FPIC. Ibid.

The Court stated: "Only when a person's firearm is seized pursuant to the [PDVA] and 'has not been returned' for a reason articulated in the [DVFS] is that person permanently barred from obtaining a firearms card." Id. at 251. "Thus, to rely on N.J.S.A. 2C:58-3(c)(8) in support of a forfeiture motion, the State must establish the defendant is not entitled to a return of his or her weapons because he or she otherwise is subject to a disability under N.J.S.A. 2C:58-3(c)." State v. W.C., 468 N.J. Super. 324, 334 n.9 (App. Div. 2021) (citing M.S., 197 N.J. at 251-52). Otherwise, a literal reading of N.J.S.A. 2C:58-3(c)(8) could lead to an absurd result such as prohibiting the issuance of a FPIC where the firearm was lost by police or stolen while in custody. See M.S. 197 N.J. at 250.

7

The court concluded "the Legislature did not intend to prohibit the issuance of a firearms card . . . because a firearm was not returned due to sheer fortuity," instead insisting "that N.J.S.A. 2C:58-3(c)(8)'s bar to the issuance of a firearms card be due to some fault of the plaintiff." Id. at 251. (emphasis added).

M.S. is distinguishable because there was no consent judgment that the court unilaterally enforced. Here, the May 2007 order was entered on the State's application to compel the forfeiture of appellant's weapon and FPIC, supported by a certification explaining the forfeiture was due to appellant's violation of the conditions in the August 2006 order. Therefore, the May 2007 order barring the return of appellant's weapon and FPIC was not entered "due to sheer fortuity" because the State convinced the court appellant was subject to a disability under N.J.S.A. 2C:58-3(c)(8).

Moreover, unlike M.S., appellant never challenged the May 2007 order and instead ignored it, applying for a new FPIC twelve years later. Appellant's remedy was to appeal from the May 2007 order or file a motion in the Family Part for relief from the order. "The law is well settled that the Family Part has the authority to order a weapon forfeiture following the dismissal of a domestic violence complaint regardless of whether the dismissal was voluntary or for lack

of evidence." State in Interest of C.L.H.'s Weapons, 443 N.J. Super. 48, 58 (App. Div. 2015).

Finally, the Law Division judge did not misconstrue the law. Pursuant to N.J.S.A. 2C:25-21(d)(3), appellant is clearly subject to the disability set forth in N.J.S.A. 2C:58-3(c)(8) because the May 2007 order seizing his weapon and FPIC was entered pursuant to the PDVA. Because the weapon and FPIC were forfeited in 2007 and never returned, the State met its burden under N.J.S.A. 2C:58-3(c)(8).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-1334-20