**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2399-21

IN THE MATTER OF THE
APPEAL OF THE DENIAL OF
ROBERT GOWOREK'S
APPLICATION FOR A FIREARMS
PURCHASER IDENTIFICATION
CARD AND THREE HANDGUN
PURCHASE PERMITS & IN THE
MATTER OF THE REVOCATION
OF ROBERT GOWOREK'S
FIREARMS PURCHASER
IDENTIFICATION CARD AND
COMPELLING THE SALE OF HIS
FIREARMS.

_____

Submitted January 24, 2024 – Decided March 1, 2024

Before Judges Susswein and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. GPA-0017-21.

Evan F. Nappen, Attorney at Law, PC, attorneys for appellant Robert Goworek (Louis P. Nappen, on the briefs).

Mark Musella, Bergen County Prosecutor, attorney for respondent State of New Jersey (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Petitioner, Robert Goworek, appeals a January 10, 2022 Law Division order denying his appeal from a police chief's denial of his application for a replacement firearms purchaser identification card (FPIC) and three handgun purchase permits, and granting the State's motion to compel the sale of the firearms he already owned. Goworek also appeals a February 28, 2022 Law Division order denying his motion for reconsideration. After convening a hearing, the trial court rejected the State's contention Goworek knowingly falsified his application, N.J.S.A. 2C:58-3(c)(3). The court also rejected the State's contention that issuance of the FPIC and purchase permits "would not be in the interest of the public health, safety or welfare," N.J.S.A. 2C:58-3(c)(5). However, the trial court ruled Goworek was ineligible for an FPIC or purchase permit pursuant to N.J.S.A. 2C:58-3(c)(1) because he was previously convicted of driving while intoxicated (DWI) in New York. That out-of-state conviction was the sole basis for the trial court's conclusion Goworek was not eligible to possess a firearm.

On appeal, the State concedes N.J.S.A. 2C:44-4(c) was amended shortly before the hearing so that only a prior out-of-state conviction with a sentence in excess of one year could be a basis for disqualification under N.J.S.A. 2C:58-3(c)(1). The parties do not dispute the New York DWI offense for which Goworek was convicted has a maximum sentence of one year. Accordingly, that conviction cannot serve as the basis for disqualifying Goworek from obtaining or possessing a firearm. As the State acknowledges, the Law Division order denying Goworek's application and revoking his FPIC must be reversed and vacated.

I.

We discern the following salient facts and procedural history from the record. Although Goworek possessed an FPIC, he applied for a new one because his address changed. He also applied for three handgun purchase permits. In April 2021, the Chief of the Oakland Police Department denied the applications because of Goworek's 1994 DWI conviction in New York State.

Goworek appealed to the Law Division. The State filed a cross-motion seeking to revoke Goworek's existing FPIC and to compel the sale of his existing firearms. After the January 6, 2022 hearing, the trial court denied Goworek's appeal and granted the State's motion to revoke his existing FPIC

and compel the sale of his firearms because he had previously been convicted of a crime.

On January 10, 2022, the trial court issued an order granting the State's application to compel the sale of Goworek's firearms predicated on the denial of his appeal, which reads in part:

> and it is further
>
> ORDERED that the State's motion for the revocation of Robert Goworek's existing [FPIC] and compelling the sale of his firearms is hereby GRANTED because he has been convicted of a crime, N.J.S.A. 2C:58-3(c)(1); and it is further
>
> …
> ORDERED that Robert Goworek shall immediately contact the Oakland Police Department and coordinate the immediate surrender of his [FPIC] firearms, and ammunition, that are in his custody or control, or which he possesses or owns, including but not limited to, the following firearms:
>
>  . . . .

Additionally, the trial court ordered Goworek to arrange for the sale of his firearms with a Federal Firearms License dealer within 120 days; if he did not arrange for a sale, the firearms would be subject to destruction. Goworek moved for reconsideration, which the trial court denied at a February 28, 2022 hearing.

A-2399-21

Goworek raises the following contentions relevant to the surrender of the firearms for our consideration: the court below erred when it ordered the compelled sale of firearms that appellant already owns or possesses; the court below erred by ordering a forfeiture of firearms pursuant to no statute authorizing forfeiture of firearms; the court below erred because N.J.S.A. 2C:58-3(f) provides no basis to compel sale (i.e., forfeiture) of firearms; the compelled sale of petitioner's firearms by the court below constitutes an unconstitutional seizure; the court below erred by failing to allow the jury trial demanded by petitioner pursuant to [State of New Jersey v.] [O]ne 1990 Honda Accord, [154 N.J. 373 (1988)] regarding the forfeiture of his property; per N.J.S.[A.] 2C:58-3[(d)], "no filing fee shall be required" for firearm permit appeals, and appellant should be reimbursed the filing fee that was demanded of him.

In his reply brief, appellant argues "issues concerning [appellant's] firearms are not moot because [appellant] should not be saddled with an ad infinitum order authorizing government to seize firearms from [appellant's] residence and mandating that [appellant] may not possess firearms (in violation of his Second Amendment rights) when [appellant] is not a certain person not to possess firearms."

A-2399-21

We are bound to accept the trial court's fact findings if they are supported by substantial credible evidence. In re Return of Weapons to J.W.D., 149 N.J. 108, 116 (1997). However, our review of "a trial court's legal conclusions regarding firearms licenses [is] de novo." In re N.J. Firearms Purchaser Identification Card by Z.K., 440 N.J. Super. 394, 397 (App. Div. 2015).

N.J.S.A. 2C:44-4(c), which defines "[p]rior conviction in another jurisdiction," was amended in November 2021. L. 2021, c. 298, § 2. It originally read "[a] conviction in another jurisdiction shall constitute a prior conviction of a crime if a sentence of imprisonment in excess of [six] months was authorized under the law of the other jurisdiction." (Emphasis added). As a result of the November 2021 amendment, the statute now reads in pertinent part: "[a] conviction in another jurisdiction shall constitute a prior conviction of a crime if a sentence of imprisonment in excess of one year was authorized under the law of the other jurisdiction." (Emphasis added). This amendment went into effect on November 8, 2021—two months prior to the hearing in this matter.

It is undisputed the DWI offense, §1193(1)(b)(i) of the New York Vehicle and Traffic Laws, is classified as a misdemeanor punishable by maximum term of imprisonment of not more than a year. In making his determination, the trial judge explained "[a] conviction in another jurisdiction . . . shall constitute a prior conviction of a crime if a sentence of imprisonment in excess of six months . . . was authorized under the law of the other jurisdiction." However, the judge was relying on the statute pre-amendment. The State concedes Goworek's prior conviction does not support disqualification under N.J.S.A. 2C:58-3, and that Goworek "should not have had his FPIC denied and his existing FPIC revoked based on the fact that he had previously been convicted of a crime."

That concession also impacts the trial court's forfeiture order. As noted, the trial court's order makes clear "the State's motion for the revocation of Robert Goworek's existing [FPIC] and compelling the sale of his firearms is hereby GRANTED because he has been convicted of a crime, N.J.S.A. 2C:58-3(c)(1)." Because Goworek was not convicted of a crime within the meaning of Title 2C, the basis for the forfeiture order evaporates.

In Matter of M.U.'s Application for a Handgun Purchase Permit, the State attempted to compel the sale of the appellant's firearms under N.J.S.A.

7

2C:58-3(f).  475 N.J. Super. 148, 199 (App. Div. 2023).  That statute

provides:

> A [FPIC] shall be void if the holder becomes subject
> to any of the disabilities set forth in subsection c. of
> this section, whereupon the card shall be returned
> within five days by the holder to the superintendent,
> who shall then advise the licensing authority.  Failure
> of the holder to return the [FPIC] to the superintendent
> within the five days shall be an offense under
> subsection a. of N.J.S.2C:39-10.  Any [FPIC] may be
> revoked by the Superior Court of the county wherein
> the card was issued, after hearing upon notice, upon a
> finding that the holder thereof no longer qualifies for
> the issuance of the permit.  The county prosecutor of
> any county, the chief police officer of any
> municipality or any citizen may apply to the court at
> any time for the revocation of the card.
>
> [N.J.S.A. 2C:58-3(f).]

We held N.J.S.A. 2C:58-3(f) "provides no basis for the forfeiture of firearms

already possessed."  M.U., 475 N.J. Super. at 199.

While the same principle applies in this matter, we agree with the State

that Goworek's arguments pertaining to the forfeiture of his firearms are moot.

He testified he transferred his guns to a licensed firearms dealer.  If Goworek

received compensation for them, we deem the present matter closed.  See id.

at 202 (noting "[a]n appeal issue is moot if the appellant 'is not entitled to any

A-2399-21

affirmative relief.'") (quoting Reilly v. AAA Mid-Atl. Ins. Co. of N.J., 194 N.J. 474, 484 (2008)).

We note that in his reply brief, Goworek argues,

> [i]ssues concerning [p]etitioner's firearms are not moot because [p]etitioner should not be saddled with an ad infinitum order authorizing government to seize firearms from petitioner's residence and mandating that [p]etitioner may not possess firearms (in violation of his Second Amendment rights) when [p]etitioner is not a certain person not to possess firearms.

We agree Goworek cannot be "saddled" with an order that has no lawful basis. We address that concern by remanding for the trial court to vacate the order.

In view of the State's concession Goworek is not subject to a disability under N.J.S.A. 2C:58-3(c)(3) and given the trial court's determination he is not subject to any other disability under N.J.S.A. 2C:58-3, we need not address Goworek's constitutional arguments. See In re Appeal of the Denial of R.W.T.'s Application, ___ N.J. Super. ___, ___ (App. Div. 2023) (slip op. at 5) ("Courts should not reach a constitutional question unless its resolution is imperative to the disposition of litigation.") (quoting Randolph Town Ctr., L.P. v. Cnty. of Morris, 186 N.J. 78, 80 (2006)).

Finally, we consider Goworek's contention that "[p]er N.J.S.[A.] 2C:58-3D, 'no filing fee shall be required' for firearm permit appeals, and appellant should be reimbursed the filing fee that was demanded of him." The record shows Goworek's counsel sent a letter to the trial court that reads in pertinent part:

> Mr. Goworek has been aggrieved by his denial of application for a New Jersey [FPIC] by the Oakland Police Department by way of letter from [the] Chief of Police [], (see attached). As per N.J.S.[A.] 2C:58-3[(d)], I respectfully request a hearing on his behalf. Kindly notify our office regarding any court dates or other matters pertaining to the above.
>
> Enclosed, please find our firm's check in the amount of $50.00 payable to the "Treasurer State of New Jersey."

Goworek's appendix includes a photocopy of the check for fifty dollars made out to "Treasurer State of New Jersey," with the memo line reading "Robert Goworek- FPIC Appeal Paid Under Protest/All rights reserved."

It appears this fee was not assessed or solicited by the court; rather the payment was sent on counsel's own initiative. We nonetheless believe the fifty-dollar payment should be refunded because no fee is required to have a Law Division hearing as to the appeal of the denial of an FPIC or purchase permit.

Reversed and remanded to vacate the January 10, 2022 order and refund the Law Division filing fee payment. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2399-21