**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1257-24

IN THE MATTER OF THE
APPEAL OF THE DENIAL OF
THE APPLICATION FOR
FIREARMS PURCHASER
IDENTIFICATION CARD AND
PERMITS TO PURCHASE A
HANDGUN TO VINCENT P.
CASSARINO.

_____

Submitted December 10, 2025 – Decided March 19, 2026

Before Judges Paganelli and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. GPA-005-24.

Zohn & Zohn, LLP, attorney for appellant Vincent P. Cassarino (Edward J. Zohn, on the briefs).

Citta, Holzapfel & Zabarsky, attorneys for respondent Borough of Seaside Park (Barry A. Stieber and Steven A. Zabarsky, on the brief).

PER CURIAM

Vincent P. Cassarino appeals from a November 21, 2024 order upholding a municipal police chief's denial of his application for a New Jersey Firearms

Purchaser Identification Card (FPIC) and a Handgun Purchase Permit (HPP). We affirm, substantially for the reasons expressed in Judge David M. Fritch's well-reasoned decision.

I.

We derive the following facts from the hearing and other portions of the record. On March 14, 2022, Cassarino applied to the Seaside Park Police Department (SPPD) for an FPIC and HPP. A SPPD officer conducted a background investigation, uncovering a twenty-year history of law enforcement encounters, including:

- A 2003 conviction for disorderly conduct, N.J.S.A. 2C:33-2(a), from an arrest in Toms River for "creating a loud and profanity[-]filled disturbance in [an] emergency room, and refusing to leave when asked to do so by security."

- A 2004 conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50.

- A 2004 arrest in Ocean Township for possession of controlled dangerous substance (CDS), prescription legend drugs without a prescription, N.J.S.A. 2C:35-10.5(b); possession of CDS, N.J.S.A. 2C:35-10(a)(1); possession of prescription drugs not in original container, N.J.S.A. 2C:35-24; and disorderly conduct, N.J.S.A. 2C:33-2(a)(1), disposed by way of pre-trial intervention (PTI) in 2006.

- A 2018 DWI arrest in Seaside Heights, resolved by guilty plea to refusal to submit to breath testing, N.J.S.A. 39:4-50.2.

- A 2021 conviction for violation of a municipal ordinance, public nuisance, in Seaside Heights, stemming from an arrest for defiant trespass, N.J.S.A. 2C:18-3(b).

A-1257-24

On August 1, 2024, the SPPD Chief denied the application, citing N.J.S.A. 2C:58-3(c)(5) ("[I]ssuance would not be in the interest of the public health, safety or welfare."). Cassarino appealed to the Law Division.

Judge Fritch conducted a plenary hearing on November 20, 2024. The officer who performed the background check and the SPPD Chief testified for the Borough of Seaside Park (Borough). Their testimony encompassed incidents involving Cassarino's contact with law enforcement agencies besides SPPD. Cassarino testified on his own behalf.

On November 21, the judge affirmed the denial in an eleven-page written opinion and accompanying order. In his decision, Judge Fritch considered both testimonial evidence and documentary exhibits, including the police investigation file, court records, and incident reports. He found by a preponderance of the evidence that Cassarino's criminal history demonstrated a lack of self-control, poor judgment, and "disregard for public safety," and that granting the permits would be contrary to the public interest.

On appeal, Cassarino argues the judge erred in upholding the denial. He maintains his criminal history is "minimal" and non-violent, consisting largely of arrests or incidents that did not lead to convictions. He disputes the factual basis for several of those incidents, asserting they were misunderstandings or

otherwise benign. Cassarino further contends the judge improperly relied on hearsay contained in police reports, preventing his counsel from cross-examining the relevant witnesses. As a result, Cassarino asserts, "we shall never know which parts of the evidence the SPPD believes should be admitted under N.J.R.E. 803(c)(6)."

The Borough defends the denial, emphasizing the number and nature of Cassarino's offenses and law enforcement contacts. It argues that under New Jersey law, disorderly persons convictions and evidence of substance abuse, even in the absence of indictable convictions, may support denial under the "public health, safety or welfare" provision. The Borough maintains the court properly considered the totality of the evidence, including live testimony, standardized records, and Cassarino's credibility.

## II.

"We review a trial court's legal conclusions regarding firearms licenses de novo." In re N.J. Firearms Purchaser Identification Card by Z.K., 440 N.J. Super. 394, 397 (App. Div. 2015) (citing In re Sportsman's Rendezvous Retail Firearms Dealer's License, 374 N.J. Super. 565, 575 (App. Div. 2005)). However, appellate review of a trial court's factual findings on such matters is "limited." In re Z.L., 440 N.J. Super. 351, 355 (App. Div. 2015). "Ordinarily,

4

an appellate court should accept a trial court's findings of fact that are supported by substantial credible evidence." In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)).  Even so, the record should be sufficiently complete and definitive to support such factual findings.  See id. at 117.

Because of the importance of developing an appropriate record to generate factual findings, the statutory scheme has been interpreted to call for evidentiary hearings in the Law Division to prove or disprove the critical facts bearing on a contested permit application.  See In re Dubov, 410 N.J. Super. 190, 200 (App. Div. 2009) (noting "the informality of a chief of police's initial consideration of an application for a gun permit requires an evidentiary hearing when an applicant appeals a denial to the [Superior] Court"); see also Weston v. State, 60 N.J. 36, 45 (1972).  "The court may consider hearsay but may not base its decision upon hearsay alone."  Matter of M.U.'s Application for a Handgun Purchase Permit, 475 N.J. Super. 148, 173 (App. Div. 2023) (citing Weston, 60 N.J. at 50-52).

The police chief bears the burden of proving good cause for denial by a preponderance of the evidence.  N.J.S.A. 2C:58-3(c), (d); In re Osworth, 365 N.J. Super. 72, 77 (App. Div. 2003).

A-1257-24

N.J.S.A. 2C:58-3(c)(5) permits denial if "issuance would not be in the interest of the public health, safety, or welfare [,]" even absent specific statutory bar. Osworth, 365 N.J. Super. at 79 (quoting Burton v. Sills, 53 N.J. 86, 91 (1968)). This standard includes cases of "individual unfitness" where the applicant's background demonstrates a risk to the community. Ibid. (quoting Burton, 53 N.J. at 91).

Judge Fritch found Cassarino's testimony to be self-serving and not credible throughout. He wrote:

> Having had the opportunity to hear the [a]pplicant's testimony and evaluate his demeanor during his testimony, this [c]ourt finds the [a]pplicant's self-serving testimony, denying culpability for the indictable narcotics charge he completed a twenty[-]four[-]month PTI program for on July 12, 2006, not to be credible. See Bustam[a]nte v. Borough of Paramus, 413 N.J. Super. 276, 290 ([App. Div. 2010]) (finding resolution of charges through PTI not considered a "favorable disposition" of the underlying charges in evaluating § 1983 claims). . . . Matter of Gauthier, 461 N.J. Super. 507, 516 ([App. Div.] 2019) (PTI, like other diversionary programs, are not considered favorable determination of an underlying criminal charge); N.J.S.A. 2C:43-12 comment c (successful completion of PTI does not preclude denial of a firearms permit). The [c]ourt also does not find the [a]pplicant's self-serving accounts of the 2003 incident at Community Medical Center where the [a]pplicant contends he was in a verbal argument with his girlfriend outside when the police were called rather than the account in the summons which alleges he was in the [e]mergency

[r]oom creating a disturbance, interfering with the nurses' ability to care for patients, and resisting security's efforts to remove him . . . or the [a]pplicant's version of events from the 2021 incident at the Atlantic Motel where he disavows any wrongdoing to be similarly not credible, particularly where both of these prior incidents resulted in the [a]pplicant being found guilty of criminal offenses or municipal court violations for his conduct.

The judge found that Cassarino had a demonstrated pattern of poor judgment and limited self-control, along with "a recognizable history of substance abuse." In short, the judge found Cassarino's extended history of substance-related offenses, disorderly conduct, and repeated negative law enforcement interactions—spanning over two decades—supported a conclusion that issuance of an FPIC and HPP would be contrary to the public's health, safety, and welfare.

After careful review of the record, we are satisfied the judge applied the correct standard and based his decision on substantial credible evidence. The ruling relied on sworn testimony and admitted records and not solely hearsay. The judge's credibility determinations are sound and entitled to deference.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-1257-24